# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

---

CONTINENTAL CASUALTY COMPANY,

    Plaintiff,                           CIV-S-07-1744 MCE EFB

    v.

ST. PAUL SURPLUS LINES INSURANCE
COMPANY; DOES 1 through 10, inclusive,

    Defendants.

_____/

      Parties and third parties (collectively, "parties") have filed four discovery motions scheduled for hearing before this court on **December 10, 2008, at 10:00 a.m.**, **in Courtroom No. 25.** These are: (1) Motion to Quash Subpoenas Duces Tecum, served upon third parties Crown Equipment Corporation, Crown Credit Company, and their counsel of record, George J. Stephan, filed by defendant St. Paul Surplus Lines on November 11, 2008 [Docket No. 42]; (2) Motion to Quash Overbroad Subpoenas, filed by third parties Crown Equipment Corporation, Crown Credit Company, and their counsel or record, George J. Stephan, on November 12, 2008 [47]; (3) Motion to Compel Defendant's responses to Plaintiff's Request for Production of Documents, Set One, filed by plaintiff on November 12, 2008 [48]; and (4) Motion for Protective Order filed by defendant on November 12, 2008 [49].

      The first and second motions address the same discovery matter. A different discovery matter is addressed both by the third and fourth motions.

      The parties have already filed hundreds of pages of documents in support of, and opposition to, these motions. However, the local rules of this court require that the parties meet and confer in a good faith effort to resolve their discovery disagreements and present to the court in a single document, or joint statement, a succinct discussion setting forth each side of each item in dispute. *See* E. D. Cal. L. R. 37-251(a)-(d). This process and product are particularly important in complex litigation involving several lawyers.

      Accordingly, the above discovery disputes shall be consolidated into two joint statements the first representing motions [42] and [47]; the second representing motions [48] and [49].

Notwithstanding the three days specified by E.D. Cal. L.R. 37-251, these joint statements shall be filed not later than *four* court days before the scheduled hearing, or by **Thursday, December 4, 2008, by 5:00 p.m.**

The parties are reminded of the necessity of meeting and conferring in good faith, and attempting to resolve their discovery disputes prior to preparation of their joint statements. E.D. Cal. L.R. 37-251(b), (c)(1). The joint statements addressing those matters that cannot be resolved informally shall include: (1) the specific disputed discovery category or item; (2) the response; (3) the moving party's position; and (4) the opposition. E.D. Cal. L.R. 37-251(c)(3). While pertinent exhibits are normally attached to the joint statement, *ibid.*, the parties may in these circumstances reference exhibits already filed.

Privilege objections must comply with Fed. R. Civ. P. 26(b)(5). Except in extraordinary circumstances, the party claiming privilege may not submit a post-hearing privilege log. The failure properly to support a privilege objection with a privilege log may be deemed to waive it.

The moving party is normally responsible for filing a joint statement. In these circumstances, opposing parties will be equally responsible for timely drafting and submitting their position to the other side, so that the resulting joint statement represents the parties' narrowed disputes, and both sides shall be responsible for timely filing each joint statement. Failure of either party to use best efforts to ensure timely filing will be cause for sanctions.

In the event a hearing is rescheduled, the joint statement shall be due not later than *five* court days before the rescheduled hearing.

DATED: November 20, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE