UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY,<br><br>    Plaintiff,<br><br>  v.<br><br>ST. PAUL SURPLUS LINES INSURANCE COMPANY; and DOES 1 through 10, inclusive<br><br>    Defendants. | No. 2:07-cv-01744-MCE-EFB<br><br><br><br>ORDER |

----oo0oo----

Presently before the Court is an Ex Parte Application filed by Defendant St. Paul Surplus Lines Insurance Company ("St. Paul") for an order approving briefing submitted by St. Paul in conjunction with the Motions for Summary Judgment (ECF Nos. 100 and 109) presently scheduled for hearing on December 2, 2010.

///

///

1

1   St. Paul's application indicates that counsel for Plaintiff
2 Continental Casualty Company ("Continental") did not notify St.
3 Paul that its briefing had exceeded the page limitations set
4 forth in the Court's Pretrial Status Scheduling Order until
5 October 22, 2010, one day after briefing had been completed on
6 the two motions in question.  The Court's own examination of
7 Continental's Opposition and Reply papers indicate that
8 Continental made no reference to St. Paul's papers having
9 violated the Scheduling Order.  Nor did Continental indicate in
10 any of its briefing that it was prevented from adequately
11 addressing the issues raised by St. Paul within its own page
12 limitations.
13   Continental nonetheless, in Opposition to St. Paul's ex
14 parte request, now argues that St. Paul's papers should either be
15 stricken in their entirety, or stricken to the extent they
16 exceeded the Court's page limitation.  In the alternative,
17 Continental asks that it be permitted to submit another thirty
18 pages of briefing despite the fact it never indicated previously
19 that St. Paul's overlength briefing precluded it from fully
20 responding to the substance of St. Paul's argument.
21   St. Paul, for its part, admits that it inadvertently failed
22 to consult the terms of the Court's Scheduling Order after noting
23 that the Court's Local Rules themselves contained no page
24 limitation.  It asks for leave to file its papers as submitted,
25 claiming that the complexity of the issues, which involve the
26 interpretation of three different insurance policies, make
27 extension of the applicable page limitations necessary.
28 ///

1   While the Court admonishes St. Paul's counsel for failing to
2 read and follow the terms of the Scheduling Order in this case,
3 and strongly advises it to scrupulously do so in the future, it
4 will nonetheless permit St. Paul's briefing to stand as
5 submitted, because it concludes that St. Paul has demonstrated
6 good cause for its request to exceed the applicable page
7 limitations.
8   Under the circumstances, the Court rejects Continental's
9 after-the-fact attempt to hold St. Paul to those page
10 limitations, to strike St. Paul's papers, and/or to permit an
11 additional round of briefing. The briefings themselves were the
12 vehicle in which to make those arguments, and Continental did not
13 even raise the issue until after briefing was concluded and after
14 St. Paul had no timely opportunity to rectify its admitted error.
15 The Court declines to reward Continental's apparent strategy in
16 that regard.
17   Consequently, for the reasons stated above, St. Paul's Ex
18 Parte Application (ECF No. 119) is GRANTED.
19   IT IS SO ORDERED.

Dated: November 5, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

3