1 | JOHN E. PEER (SBN 95978)
JEFFREY A. DOLLINGER (SBN 146582)
2 | CAITLIN R. ZAPF (SBN 255450)
**WOOLLS & PEER**
3 | A Professional Corporation
One Wilshire Boulevard, 22nd Floor
4 | Los Angeles, California 90017
Telephone: (213) 629-1600
5 | Facsimile: (212) 629-1660
Email: jpeer@woollspeer.com
6 |         jdollinger@woollspeer.com
          czapf@woollspeer.com
7 | Attorneys for Plaintiff
CONTINENTAL CASUALTY COMPANY
8 |
G. EDWARD RUDLOFF, JR. (SBN 56058)
9 | KATHLEEN M. DELANEY (SBN 196376)
DIANNE J. MECONIS (SBN 120895)
10 | **FORAN GLENNON PALANDECH PONZI & RUDLOFF PC**
11 | 2000 Powell Street, Suite 900
Emeryville, California 94608
12 | Email: erudloff@fgppr.com
       kdelaney@fgppr.com
13 |    dmeconis@fgppr.com
Attorneys for Defendant ST. PAUL
14 | SURPLUS LINES INSURANCE COMPANY

GEORGE J. STEPHAN (SBN 67692)
**BUCHALTER NEMER**
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, California 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400
Email: gstephan@buchalter.com
Attorneys for Nonparty
CROWN EQUIPMENT CORPORATION

CHARLES J. FARUKI (Ohio Bar No. 0010417)
MELINDA K. BURTON (Ohio Bar No. 0064618)
**FARUKI IRELAND & COX P.L.L.**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402
Telephone: (937) 227-3705
Facsimile: (937) 227-3717
Email: cfaruki@ficlaw.com
       mburton@ficlaw.com
Attorneys for Nonparty
CROWN EQUIPMENT CORPORATION

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY, | CASE NO. 2:07-CV-01744-MCE-EFB |
| Plaintiff, | (Hon. Judge Morrison C. England, Jr.) |
| v. | |
| ST. PAUL SURPLUS LINES INSURANCE COMPANY and DOES 1 - 100, inclusive, | **STIPULATED PROTECTIVE ORDER** |
| Defendants. | |

1

258205.1

[2:07-CV-01744-MCE-EFB]
STIPULATED PROTECTIVE ORDER

Plaintiff Continental Casualty Company ("Plaintiff"), Defendant St. Paul Surplus Lines Insurance Company ("St. Paul"), and nonparty Crown Equipment Corporation ("Crown"), by their respective counsel of record, agree and stipulate to the following protective order pursuant to Fed. R. Civ. P. 26(c):

1. The above-referenced lawsuit may involve the discovery and exchange of information deemed confidential and/or proprietary by Plaintiff, Defendants or nonparty Crown; and the parties desire to expedite the flow of discovery materials, facilitate the prompt resolution of disputes of confidentiality, and adequately protect material entitled to be kept confidential. At this time, nonparty Crown is in the process of producing documents it deems confidential and/or proprietary in accordance with Crown's response to Plaintiff's July 5, 2011 Subpoena to Crown.

2. Nothing in this Stipulated Protective Order shall be construed as limiting in any way the right of any party or person, including nonparty Crown, to object to furnishing information sought by any other party. It is also understood that this agreement is not intended to and, therefore, should not be construed as affecting the right of any party or person, including nonparty Crown, to withhold information based on a claim of privilege or attorney work product or other proper objection.

3. Any party and nonparty Crown may designate documents (as defined by Fed. R. Civ. P. 34(a)) or any summaries or compilations derived there from, including but not limited to productions of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, exhibits, and all other discovery, regardless of format, that it deems confidential and/or proprietary by physically stamping the word "CONFIDENTIAL" on such documents and/or by specifically designating such documents as confidential in the letter or pleading transmitting or producing such documents. The "CONFIDENTIAL" stamp shall be large enough and conspicuously placed so as to allow ready and easy observation.

4. All documents that Crown designated as "Confidential" in <u>Coupe v. Crown Lift Trucks, et al.</u>, Yolo County Superior Court Case No. P002-1064, in

accordance with the Stipulation for Protective Order and Order entered in that case, and any other information, including written discovery or responses thereto, deposition transcripts and exhibits, pleadings, motions, affidavits, briefs, and expert reports in that case that quote, summarize, or contain confidential Crown material shall remain confidential and shall be deemed designated as "CONFIDENTIAL" for purposes of this lawsuit in accordance with this Stipulated Protective Order and shall be entitled to all protections afforded by this Stipulated Protective Order.

5.  The documents produced pursuant to this Stipulated Protective Order <u>shall not</u> be disclosed, disseminated, or in any manner shared with any person or entity, other than as specifically provided for herein.

6.  The documents produced pursuant to this Stipulated Protective Order many <u>only</u> be disclosed to:

A.  The attorneys of record actively involved in the litigation in this lawsuit, and employees of such attorneys to the extent reasonably necessary to render professional services in this litigation.

B.  The Court, including court personnel, any court exercising appellate jurisdiction over this lawsuit, and stenographers transcribing a deposition.

C.  Experts or consultants retained by the parties for the purpose of assisting counsel in this litigation, <u>but only after</u> such experts or consultants have executed a declaration in the form attached hereto as Exhibit A, which declaration shall be maintained by counsel for the party retaining the expert or consultant.

D.  The parties to this litigation, including representatives of such parties, and then only to the extent deemed reasonably necessary by counsel for such party, but only after such party representative has executed a declaration in the form attached hereto as Exhibit A, which declaration shall be maintained by counsel for that party.

7.      Written discovery and responses thereto, deposition transcripts and exhibits, pleadings, motions, affidavits, briefs, and expert reports that quote, summarize or contain material entitled to protection, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

8.      Unless otherwise required by the Court, whenever any document designated as "CONFIDENTIAL" or any pleading containing "CONFIDENTIAL" information is filed with the Court, the party submitting such document or pleading shall file a motion for leave to file under seal in accordance with E.D. Local Rule 141.

9.      The inadvertent production or disclosure of any document (including but not limited to e-mail or other electronic documents) or thing otherwise protected by attorney-client privilege or work-product protection (as defined by Fed. R. Evid. 502(g)) ("Disclosed Protected Information") shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the producing party would otherwise be entitled to assert with respect to the Disclosed Protected Information or its subject matter.  The producing party shall assert in writing the attorney-client or work product protection with respect to the Disclosed Protected Information.  The receiving party shall, within five (5) business days of receipt of that writing, return or destroy the Disclosed Protected Information and any and all copies thereof or references thereto and provide a certification of counsel that all such Disclosed Protected Information has been returned or destroyed.

A.      If the receiving party disputes and wishes to contest any such Disclosed Protected Information was inadvertently produced or is protected by the attorney-client privilege or by work-product immunity, the receiving party shall so notify the producing party in writing when the Disclosed Protected Information (and all copies) are returned to the producing party.

B.      Within fifteen (15) days after receiving such notification, the producing party shall provide to the receiving parties a list identifying all such returned

4

Disclosed Protected Information and stating the basis for the claim of privilege or immunity.

C.     Within fourteen (14) days of receiving such a list, the receiving party or parties may file a motion to compel production of such Disclosed Protected Information, the protection of which is still disputed (a "Privilege Motion"). The Privilege Motion shall not assert as a ground for compelling production the fact or circumstances of inadvertent production.

D.     With respect to Disclosed Protected Information subsequently generated by a receiving party, which derivative Disclosed Protected Information contains information derived from such inadvertently produced Disclosed Protected Information, if the receiving party does not obtain an order compelling production pursuant to a timely filed Privilege Motion, the receiving party shall, within five (5) business days after learning of the denial of the Privilege Motion, either destroy the derivative Disclosed Protected Information or redact from them all such derivative privileged or work-product information in a manner such that the derivative privileged or work-product information cannot in any way be retrieved, inferred or reproduced.

E.     Nothing in this paragraph shall limit a party's ability to assert to the Court that a disclosing party's affirmative use of Disclosed Protected Information in this litigation in fairness requires disclosure of privileged or work product protected information pursuant to Fed. R. Evid. 106 or 502(a).

10.    Within thirty (30) days following the final determination of the subject lawsuit, each party, party representative, and their attorneys and their agents, experts and consultants shall destroy or return all copies of documents designated herein as "CONFIDENTIAL" to the attorney for the party or nonparty (such as Crown) which produced the documents.

11.    The documents produced pursuant to this Stipulated Protective Order shall be used solely for the purpose of preparing for and conducting this litigation.

5

The parties, their attorneys, agents, experts and consultants understand and agree that the documents designated as confidential and/or proprietary shall not be used for any other purpose and shall not be shared with persons or entities other than as provided for herein.

12. The counsel of record for the parties are responsible for employing reasonable measures to control, consistent with this Stipulated Protective Order, the duplication of, access to, and distribution of the documents produced pursuant to this Stipulated Protective Order.

13. If a person who has obtained a document under the terms of this Stipulated Protective Order receives a subpoena or other similar request for such document, that person shall promptly notify in writing the party or other person who designated the document as confidential of the pendency of such subpoena or similar request.

14. Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Stipulated Protective Order shall not be admissible for any purpose.

15. Notwithstanding the termination of the instant litigation, the court shall retain jurisdiction over the parties and persons receiving information pursuant to the terms of this Stipulated Protective Order for the purpose of enforcing all obligations arising hereunder.

ORDER

GOOD CAUSE APPEARING, IT IS HEREBY ORDERED THAT the Stipulated Protective Order is approved.

DATED: August 22, 2011.

*[signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE