| | | |
|---|---|---|
|1| | |
|2| | |
|3| | |
|4| | |
|5| | |
|6| | |
|7| | |
|8| IN THE UNITED STATES DISTRICT COURT | |
|9| FOR THE EASTERN DISTRICT OF CALIFORNIA | |

CONTINENTAL CASUALTY COMPANY,

     Plaintiff,

     vs.

ST. PAUL SURPLUS LINES INSURANCE COMPANY,

     Defendant.
                             /

No. 2:07-cv-1744-MCE-EFB

<u>ORDER</u>

       On November 2, 2012, attorneys for third party George J. Stephan filed a motion to quash a subpoena served by defendant commanding Stephan to appear for deposition on or before November 16, 2012. Dckt. No. 146. Stephan contends that the subpoena must be quashed because defendant "cannot make the substantial specified showing required to command the deposition of an attorney of record." *Id.* at 2. The motion to quash was noticed for hearing on December 5, 2012. *Id.*

       On October 24, 2012, the assigned district judge approved a stipulation submitted by the parties, and continued the deadline to complete Stephan's deposition to no later than November

////

////

16, 2012.[1]  Dckt. No. 145 at 3.  As set forth in the original Status (Pretrial Scheduling) Order, the discovery deadline is the date on which all discovery is to be "completed," which "means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed."  Jan. 18, 2008 Status (Pretrial Scheduling) Order, Dckt. No. 9, at 2.

In light of the November 16, 2012 deadline, this court will have no authority to consider the motion to quash on December 5, 2012, nor will the parties be able to seek an order to compel discovery beyond November 16, 2012.  While the parties may file a motion or stipulation to further modify the amended pretrial scheduling order, that motion and/or stipulation must be heard and decided by the district judge.  Accordingly, the motion to quash, Dckt. No. 146, is denied without prejudice and the December 5, 2012 hearing thereon is vacated.

SO ORDERED.

DATED:  November 13, 2012.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] It is not clear why the motion to quash was not filed until November 2, 2012 and/or why a December 5, 2012 hearing date was selected since the deposition notice is dated October 3, 2012 and since the parties have known since at least October 24, 2012 that the last date to complete the deposition would be November 16, 2012.  At the very least, Stephan should have sought to have the motion to quash heard on shortened time so that the matter could have been decided prior to the November 16 discovery deadline.  On the other hand, it is also unclear why defendant, who presumably sought to conduct the deposition before the November 16 discovery deadline, would not notify the court regarding the impending deadline and request that the matter be heard on shortened time.  In light of these failures by both sides, the undersigned expects that the parties will either resolve the dispute regarding Stephan's deposition without court intervention or will stipulate to extend the deadline to conduct the deposition.

2